**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 1:17-cv-02871-CMA-KMT

BANK OF COLORADO, a Colorado corporation,

      Plaintiff,

v.

WIBAUX 1, LLC, a Montana limited liability company,
JEFFREY W. BERGER A/K/A JEFF BERGER,
TAMI M. BERGER A/K/A TAMI BERGER,
PRO-FRAC HEATING & TRUCKING, LLC, a North Dakota limited liability company,
and
UNITED STATES OF AMERICA Acting Through The INTERNAL REVENUE
SERVICE,

      Defendants.

_____

**DEFENDANT WIBAUX 1, LLC, JEFFREY W. BERGER, TAMI M. BERGER, AND
PRO-FRAC HEATING & TRUCKING, LLC'S MOTION TO TRANSFER OR STAY
PIECEMEAL LITIGATION**

_____

Defendants Wibaux 1, LLC, Jeffrey W. Berger, Tami M. Berger and Pro-Frac
Heating and Trucking, LLC (collectively "Montana Plaintiffs") hereby move to transfer this
action to the United States District Court for the District of Montana ("Montana Court") or,
in the alternative, to stay further proceedings in this action until such a time when the first-
filed Montana action has concluded, and all appellate avenues have been availed or
waived.  This motion is made on the following grounds: 1) the law of the case doctrine
precludes the Bank from asserting venue is proper in this Court; 2) all the Bank's claims
in this case constitute compulsory counterclaims to the first-filed Montana action, and

cannot be brought as stand-alone claims in this Court; and 3) the Montana Court has already decided Montana – not Colorado – is the appropriate forum for this action, and the "first-to-file" rule mandates that the Montana Court serve as the forum over all claims.

**Certification of conferral pursuant to CO R USDCT D.C.COLO.LCivR 7.1(b)(1).**

Plaintiff opposes the relief requested in this Motion.  Defendant United States of America does not take a position on the Motion.

The Montana Plaintiffs respectfully request the following relief:

A.      That the Court transfer this case to the United States District Court for the District of Montana, Billings Division, so it can be consolidated with Case No. CV-17-104-BLG-SPW-TJC; or, in the alternative

B.      That the Court stay all proceedings in this action until Case No. CV-17-104-BLG-SPW-TJC has been determined by the United States District Court for the District of Montana and after all appellate avenues have been availed or waived; and

C.      Ordering the Clerk of this Court to file the order for transfer or stay of record in Case No. CV-17-104-BLG-SPW-TJC in the United States District Court for the District of Montana.

## INTRODUCTION

On November 27, 2017, the Montana Court denied the Bank of Colorado's (the "Bank") attempt to have the first-filed lawsuit in this matter venued in Montana transferred to this Court.  *See Order Denying Defendant's Motion to Transfer Venue*, attached hereto as **Exhibit 1**.  Just three days later, the Bank filed this action in this Court.  Had the Bank adhered to the Rules and the Montana *Order*, the claims it filed here would have been

filed as compulsory counterclaims in the Montana action.  Instead, the Bank flouted the Montana *Order*, and initiated piecemeal and vexatious litigation in this Court.  This is nothing more than a blatant attempt by the Bank to circumvent Montana's decision to keep this action in Montana, where it belongs.

With this motion, the Montana Plaintiffs seek to prevent the Bank from wasting judicial resources and exposing them to the potential of inconsistent rulings and judgments.  The Montana action and venue have priority because: a) the law of the case doctrine precludes the Bank from asserting venue is proper in this Court; b) the claims set forth by the Bank in this action should be before the Montana Court as compulsory counterclaims; and c) the "first-to-file" rule controls.

This Court should transfer this case to the Montana Court, where this case can be consolidated with the Montana action.  In the alternative, this Court should stay this case until the Montana Court decides the first-filed action and after the parties have either availed themselves of and/or waived all appellate avenues.

## PROCEDURAL BACKGROUND

The Montana Plaintiffs filed the present case in Montana state district court on July 11, 2017, naming each of them as a plaintiff and the Bank as the defendant.  *See Complaint and Demand for Jury Trial*, attached hereto as **Exhibit 2** ("the First-Filed Complaint").  On August 2, 2017, the Bank removed that case to the Montana Court, where the Bank filed a 28 U.S.C. § 1404(a) motion to transfer venue to this Court.  On November 27, 2017, the Montana Court issued its *Order* denying that motion.  *Ex.1.*

That *Order* states,"[i]t is undisputed that venue is proper in the District of Montana."

*Id.* at 7.  It also states:

> …the Court finds Plaintiffs' choice of forum is entitled to deference. Recognizing it is the Bank's burden to establish that transfer is appropriate, the Bank has not shown that Plaintiffs do not have sufficient contacts with Montana to be considered residents.  Plaintiffs own five ranches in Montana (comprising approximately 80,000 acres), a home in Billings, Montana, and they reportedly spend a substantial amount of time in Montana…. It is also noteworthy that the loans at issue in this case concern a large amount of property that is located within Montana.

*Id.* at pp. 10-11.  The Montana Court analyzed the other nine factors in a 28 U.S.C. § 1404(a) transfer analysis, and determined that seven of them were either neutral or weighed against transfer.  *Id.* at p. 18.  The Court held: "[b]ecause balancing all of the relevant factors does not lead the Court to the firm conclusion that transfer is appropriate, the Court concludes that **the Bank has not met its burden of establishing that venue should be changed**."  *Id.* (emphasis added).

On November 30, 2017, only three days after the Montana *Order* was issued, the Bank filed the present action ("the Second-Filed Complaint") in this Court.  *Doc 1*.  The Second-Filed Complaint simply flips the parties, naming the Bank as the plaintiff and each one of the Montana Plaintiffs as a defendant.  *Id.* at p. 1.  The Bank also named the United States of America as a defendant (as a result of a tax lien on some of the property at issue).  *Id.*

Despite the Montana Court's November 27th ruling that venue is proper in that Court, the Bank alleged in its Second-Filed Complaint that "venue is proper in this [Colorado] Court."  *Doc. 1, ¶ 12*.  In its Second-Filed Complaint, the Bank omitted the fact that the Montana Court has assumed jurisdiction, determined that venue is proper in Montana, and denied the Bank's § 1404(a) motion to transfer the case here.  Instead, the

Bank alleges:  the Montana Plaintiffs "improperly filed a lawsuit in Montana," and the Montana Court has "acknowledged that foreclosure actions outside of Montana will be necessary for the Bank's claims."[1] *Id.* at ¶ 16.  Relying on these mischaracterizations, the Bank alleges the present action "does not prevent [the Colorado] action from proceeding." *Id.*  The Bank is wrong.

## LEGAL STANDARD

The general principle among federal district courts is to avoid a multiplicity of suits. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976).  When two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case.  *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982).  "[W]here the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court."  *O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972) (citing *Cessna Aircraft Company v. Brown*, 348 F.2d 689 (10th Cir. 1965); *Chicago Pneumatic Tool Co. v. Hughes Tool Co.*, 180 F.2d 97 (10th Cir. 1950)).  Jurisdiction "attaches" with the filing of the complaint.  *Hospah Coal Co.*, 673 F.2d at 1163.  The court that first obtains jurisdiction also has priority to decide the issue of venue.  *Id.* at 1164.

---

[1] The Bank is presumably mis-referencing footnote no. 3 in *Ex. 1* wherein the Montana Court, discussing the compulsory counterclaim for foreclosure, stated that "the counterclaim would equally have to be filed in **Montana, South Dakota and North Dakota**, as the real estate securing the agreements at issue are located in all three jurisdictions."  The Court did not, however, suggest that the Bank should initiate a separate foreclosure proceeding in **Colorado**, a state in which **none** of the assets securing the loans at issue are located.

Rule 12(b), Fed. R. Civ. P., requires a party to assert a defense of improper venue by way of motion or responsive pleading.   In a similar vein, 28 U.S.C. § 1404(a) establishes a procedure whereby a party may request a change of venue.  If courts were to permit a party to object to venue by simply filing a second suit in its chosen forum, Rule 12(b) would be rendered a nullity, and the procedures outlined in § 1404(a) would be rendered a "little more than an exercise in futility."  *Hospah Coal Co.*, 673 F.2d at 1164. In both the Ninth and Tenth Circuits, a petition for a writ of mandamus is the "appropriate remedy to test the validity of the [§ 1404(a)] transfer order."  *Cessna Aircraft Co.*, 348 F.2d at 691; *Kasey v. Molybdenum Corp. of America*, 408 F.2d 16, 19 (9th Cir. 1969). Here, the Bank did not follow the rules.

**ARGUMENT**

**1.    The law of the case doctrine and principles of comity support transfer of this case back to Montana.**

Under controlling law, the Montana Court had the authority to decide the issue of venue.  *Hospah Coal Co.*, 673 F.2d at 1164.  This Court lacks the authority to undermine the Montana Court's exercise of its priority authority.  For example, in the circumstance where a court grants a § 1404(a) transfer, the doctrine of the law of the case counsels against the transferee court reevaluating the rulings of the transferor court, including its transfer order.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

The same rationale should apply here, where a court denies a § 1404 transfer motion.  This Court has held that if a transferee court were free to revisit the transfer decision of a coordinate court, it would threaten to send litigants into a "vicious circle of

litigation." *Buhl v. U.S. Dep't of Justice*, No. 15-CV-01179-GPG, 2015 WL 3929639, at *2 (D. Colo. June 25, 2015) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).  Additionally, where the transferee judge and transferor judge are not members of the same court, principles of comity counsel against a transferee court reexamining issues already decided by a court of equal authority.  *Beech Aircraft Corp. v. EDO Corp.*, No. CIV. A. 90-4185-DES, 1993 WL 545255, at *2 (D. Kan. Dec. 9, 1993).

The Montana Court denied the Bank's § 1404(a) motion to transfer venue to this Court.  Despite clear law in both the Ninth and Tenth Circuits that the proper mechanism for contesting the Montana Court's no-transfer order is through petition for a writ of mandamus, the Bank instead improperly took matters into its own hands and filed the instant action.  *See Cessna Aircraft Co.*, 348 F.2d at 691; *Kasey*, 408 F.2d at 19.

Transfer of this case back to Montana is thus appropriate pursuant to 28 U.S.C. § 1406(a) to cure the defect in venue created by the Bank's vexatious and piecemeal re-filing of this case in this venue.  *See Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168 (3d Cir. 1982).  Upon receipt of the transfer of this case, the Montana Court may consolidate the actions pursuant to Rule 42(a), Fed. R. Civ. P.

**2.      Even if the law of the case doctrine does not control, the Second-Filed Complaint would constitute a compulsory counterclaim in the Montana action had the Bank not improperly filed it as a separate lawsuit in Colorado.**

If for some reason the law of the case doctrine does not control this Court's decision, the Court should nevertheless conclude the Bank's claims here are compulsory counterclaims in the Montana action.

As the Montana Court noted, the Montana Plaintiffs initiated this action in Montana

state court against the Bank arising out of the financing of agricultural land they purchased in Montana, North Dakota, and South Dakota. *Ex 1, p. 1.* The underlying transactions included a $19.5 million Consolidated Real Estate Loan Agreement, a modification of a $7.5 million Chattel Loan, a new $4.5 million Line of Credit Loan, and a Forbearance Agreement. *Id., pp. 4-5.* The Montana Court also noted:

> **Although the Forbearance Agreement was the final agreement preceding this lawsuit, Plaintiffs' claims clearly relate to all of the underlying financing agreements**. For example, Counts One and Three specifically refer to the Chattel Loan, Line of Credit Loan, and Consolidated Real Estate Loan. (Doc. 8 at ¶¶ 20, 24, 26.) Count Four references the Chattel Loan and Line of Credit Loan (*Id.* at ¶ 28), and Count Five refers to the Forbearance Agreement. (*Id.* at ¶ 30.) **Thus, resolution of this lawsuit will necessarily entail consideration of the facts surrounding all of the underlying loan transactions.** [Emphasis added]

*Ex. 1, p. 11.*

The Second-Filed Complaint meets the definition of a compulsory counterclaim in the Montana action under Rule 13, Fed.R.Civ.P.

> The courts have given the terms 'transaction' and 'occurrence' contained in Rule 13(a), supra, flexible and realistic constructions in order to effect 'judicial economy', i.e., trial in one action of all related controversies between the parties and, of course, the avoidance of multiplicity of suits.

*Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974).

First, the "transaction" giving rise to the claims in both Complaints is the same: the Bank's financing of agricultural land purchased by Plaintiffs in Montana, North Dakota, and South Dakota. Each of the Bank's twelve causes arise out of the loan documents attached to the Forbearance Agreement attached to the Second-Filed Complaint. Doc. 1, ¶14. Those are the same loan transactions the Montana Court has held are necessarily

entailed in the resolution of the Montana action.  In its Second-Filed Complaint, the Bank seeks to foreclose on its "Real Property Collateral".  Doc. 1, p. 19. As detailed in the Second-Filed Complaint, the majority of the "Real Property Collateral" is located in either Fallon County (¶ *62(g)*), Wibaux County (¶¶ *62(j) and (k)*), or Prairie County (¶ *62(m)*) **Montana** – the same property that is the subject of the Montana action.  **None** of the assets securing the loan transactions at issue are in Colorado.

Second, treating the Second-Filed Complaint as a compulsory counterclaim does not require for its adjudication the presence of third parties over whom the Montana Court cannot acquire jurisdiction.  The Plaintiff and Defendants in the Second-Filed Complaint can be realigned in that action as Counter-Plaintiff and Counter-Defendants.  The only additional party to the Second-Filed Complaint is the United States of America, acting through the IRS, "because it has a junior tax lien on some of the Bank's collateral which is the subject of this foreclosure case."  *Doc.1, ¶8.*  The Montana Court would have jurisdiction over the United States after transfer pursuant to 28 U.S.C. § 1340.

For these reasons, if the Bank had not improperly attempted to split this case into two competing federal actions, the Second-Filed Complaint would constitute a compulsory counterclaim in the Montana action, which is where it must be prosecuted.

**3.   To enforce the compulsory counterclaim Rule and to prevent claim-splitting, this Court should transfer this case to the District of Montana.**

A party's failure to raise compulsory counterclaims in an earlier-filed case bars the party's subsequent assertion of the claims.  *Fox v. Maulding*, 112 F.3d 453, 457 (10th Cir. 1997).  "Federal courts need not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action."

*Kriston v. Peroulis*, No. 09-CV-00909-MSK-MEH, 2011 WL 684561, n. 1 (D. Colo. Feb. 16, 2011), aff'd, 500 F. App'x 744 (10th Cir. 2012).   The Tenth Circuit also specifically bars the splitting of claims into multiple lawsuits:

> Our precedent cannot be clearer: the test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit. This makes sense, given that the claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation.  If the party challenging a second suit on the basis of claim splitting had to wait until the first suit was final, the rule would be meaningless. The second, duplicative suit would forge ahead until the first suit became final, all the while wasting judicial resources.

*Katz v. Gerardi*, 655 F.3d 1212, 1218–19 (10th Cir. 2011).   The same types of considerations exist here.

The underlying loan transactions will be a central issue in both actions.   Deciding the issue in two separate actions will result in unnecessary delay and substantial inconvenience and expense to the parties and witnesses.   Moreover, separate adjudications could result in inconsistent rulings or even a race to judgment.

Further, the Montana Court has already ruled on the relevant factors, including the convenience to the parties and witnesses, the interest of the courts in promoting the efficient administration of justice, and the potential prejudice to one party or the other, and concluded that the equitable balance weighs in favor of retaining venue in Montana.  *Ex. 1.*  The Montana Plaintiffs have already filed a motion to enjoin the Bank from pursuing the present case.  *See Motion to Enjoin Piecemeal Litigation and Brief in Support*, attached hereto as **Exhibit 3**.   While the law of this Circuit dictates that the court in the first-filed action generally enforces the priority of the first-filed case, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of

efficiency and judicial economy." *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1297 (D. Kan. 2010) (citing *Cedars–Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir.1997).  Accordingly, this Court should transfer this Case to the District of Montana to avoid claim splitting, and to allow the compulsory counterclaims alleged here to be consolidated with the Montana action pursuant to Rule 42(a), Fed. R. Civ. P.

### 4.   The First-to-File Rule supports transfer.

Even if the bar on claim-splitting and filing compulsory counterclaims as stand-alone actions was somehow inapplicable to this case, and even if the law of the case and comity did not apply, the first-to-file rule would still support this Court's transfer of this case to Montana for consolidation and further proceedings.  Relying on Ninth Circuit precedent, this Court has noted that that the first-to-file rule "serves to promote judicial efficiency by permitting district courts to decline jurisdiction over the later-in-time case." *OpenLCR.com, Inc. v. Rates Tech., Inc.*, 112 F. Supp. 2d 1223, 1231 (D. Colo. 2000) (citing *Alltrade, Inc. v. Uniweld Prods.*, 946 F. 2d 622, 624-625 (9th Cir. 1991)).  The Ninth Circuit in *Alltrade* held that first-to-file rule "should not be disregarded lightly."  *Alltrade, Inc.*, 946 F. 2d at 625.

Federal Courts will apply the first-to-file rule based on analysis of three elements: 1) chronology, 2) similarity of parties, and 3) similarity of issues.  As the record here plainly demonstrates, all three required elements are satisfied in this case.

### A.      Chronology

"[W]here the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court."  *O'Hare Int'l Bank*, 459 F.2d at 331.  Jurisdiction "attaches" with the filing of the complaint.  *Hospah Coal Co.*, 673 F.2d at 1163.

The First-Filed Complaint was filed in Montana on July 11, 2017.  The Second-Filed Complaint was not filed until November 30, 2017.  *Ex. 2*; *Doc. 1.*

### B.      Identity of Parties

The rule does not require "exact identity of the parties" to satisfy the second element, but rather requires only "substantial similarity" of the parties.  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).  The addition or subtraction of a single party between the two competing cases will not defeat the "substantial similarity of the parties" test, as such a rule would encourage gamesmanship and would undercut the policy of the first-to-file rule.  *Id.*; *Alltrade, Inc.*, 946 F.2d at 624; *see also Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999).

A simple comparison of the two complaints at issue demonstrates that the parties are identical, but for the Bank's addition of a single additional defendant in the United States of America.  The Montana District Court has jurisdiction over the United States pursuant to 28 U.S.C. § 1340.  The addition of a single lien-holder is not sufficient to destroy the "substantial similarities of the parties."

### C.      Similarity of Issues

The first-to-file rule does not require exact identity of the issues, but rather requires

"substantial overlap" between the two suits. *Kohn Law Grp.*, 787 F.3d at 1241.  This Court has stated that it will decide whether to apply the first-to-file rule "based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *OpenLCR.com, Inc.*, 112 F. Supp. 2d at 1231.

Here, the compulsory counterclaim and claim-splitting analysis discussed above demonstrates the substantial similarity of issues between the two suits.  The Second-Filed Complaint seeks recourse based on the exact same loans, over the same land, and the same security interests underlying the Montana action.  Because all of the causes of action set out in the Second-Filed Complaint should properly be filed as compulsory counterclaims in the Montana action, the third element of the first-to-file test is satisfied.

### D.    No Exceptions Apply

The Court may avoid applying the first-to-file rule only if it finds that "exceptional circumstances" exist. *Alltrade, Inc.*, 946 F.2d at 627.  These exceptional circumstances include bad faith, anticipatory suit, and forum shopping on the part of the first-filer. *Id.* The Court may also avoid application of the first-to-file rule if the second-filer can establish that transfer is appropriate under 28 U.S.C. § 1404(a). *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982).  None of these exceptions apply here.

A suit is a bad faith anticipatory suit if the plaintiff in the first-filed action initiated that action on receipt of specific, concrete indications that a suit by the defendant was imminent. *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.,* 544 F. Supp. 2d 949, 960 (N.D. Cal. 2008).  It is obvious in the present case that suit by the defendant Bank was

not imminent, as evidenced by the fact that it took the Bank nearly five months to file the Second-Filed Complaint.  As such, the Montana action cannot reasonably be categorized as a bad faith or anticipatory suit.  The Montana District Court has already effectively determined as much in its prior venue order.  *Ex. 1.*

As for the possibility of forum shopping, this consideration cuts sharply against the Bank.  The Bank disregarded the Montana Court's explicit Order, and improperly overlapped the present litigation in the Banks' preferred but rejected forum.

Finally, as to the possibility that the first-to-file rule could be undercut by a 28 U.S.C. § 1404(a) transfer analysis to be undertaken separately by this Court, the Tenth Circuit has held:

> We agree to the extent we find that [*Kerotest Mfg. Co. v. C-0-Two Co.*, 342 U.S. 180 (1952)] stands for the proposition that simply because a court is the first to obtain jurisdiction does not necessarily mean that it should decide the merits of the case. However, in *Kerotest* the Court pays great deference to the district court's ability to decide if it should accept venue.  We believe that *Kerotest* is in line with our view that **the court which first obtains jurisdiction should be allowed to first decide issues of venue**.

*Hospah Coal Co.*, 673 F.2d at 1164.  The Montana Court has already exhaustively concluded that a § 1404(a) analysis supports its retention of this case, and that venue should **not** have been transferred to this Court.

For all these reasons, exceptional circumstances against the first-to-file rule do not exist, and transfer of this case back to the District of Montana is proper in accordance with the first-to-file rule.

**5.    Stay as an alternative.**

Where, as here, the complaint and cause of action is substantially similar to that

first-filed action in another federal forum having prima facie jurisdiction, this Court may, in its discretion and as a matter of comity, stay proceedings until the Montana District Court has determined that action, and until after the parties have availed themselves of all appellate avenues or waived them.   *O'Hare Int'l Bank*, 459 F.2d at 331.   For all the reasons set forth above, should this Court determine that a transfer is not proper, the Montana Plaintiffs hereby request that this Court issue such a stay.

## CONCLUSION

Dissatisfied with the Montana District Court's denial of the Bank's motion to transfer venue to this Court, the Bank has attempted to usurp the Montana District Court's jurisdiction over this case by filing redundant and piecemeal litigation in this District.   For all the reasons stated herein, this Court should transfer this case to the District of Montana where it can be consolidated pursuant to Rule 42(a), Fed. R. Civ. P.   In the alternative, this Court should stay this case pending final resolution, including all appellate avenues, of the Montana action.

DATED this 4th day of January, 2018.

LORENZO EKKER DALLNER, LLC

By:/s/ Angela L. Ekker
    Angela L. Ekker, #17191
    9145 E. Kenyon Ave., Suite 301
    Denver, Colorado 80237
    Telephone: (720) 543-7735
    E-mail:  aekker@ledlegal.com

*Counsel for Wibaux 1, LLC, Jeffrey W. Berger,
Tami M. Berger, Pro-Frac Heating & Trucking, LLC*

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2018, a true and correct copy of the foregoing DEFENDANT WIBAUX 1, LLC, JEFFREY W. BERGER, TAMI M. BERGER, AND PRO-FRAC HEATING & TRUCKING, LLC'S MOTION TO TRANSFER OR STAY PIECEMEAL LITIGATION was filed and served via United States District Court E-Filing on the following:

John O'Brien, Esq.
Scott C. Sandberg, Esq.
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, CO  80203
jobrien@spencerfane.com
ssandberg@spencerfane.com

Robert C. Troyer
United States Attorney
Juan G. Villasenor
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO  80202
juan.villasenor@usdoj.gov

/s/ Angela L. Ekker
Angela L. Ekker