**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-02871-CMA-KMT

BANK OF COLORADO, a Colorado corporation,

      Plaintiff,

v.

WIBAUX 1, LLC, a Montana limited liability company,
JEFFREY W. BERGER, *a/k/a* Jeff Berger,
TAMI M. BERGER *a/k/a* Tami Berger,
PRO-FRAC HEATING & TRUCKING, LLC, a North Dakota limited liability company, and
UNITED STATES OF AMERICA, acting through the Internal Revenue Service,

      Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO STAY CASE

---

    This matter is before the Court on Defendants Wibaux 1, LLC's ("Wibaux") and Pro-Frac Heating & Trucking, LLC's ("Pro-Frac") Motion to Stay the Case Pending Ruling by Bankruptcy Court Re: Scope of Automatic Stay.  (Doc. # 54.)  The Court grants Defendants Wibaux and Pro-Frac's Motion to Stay the Case for the reasons discussed below.

    This case concerns personal and real property owned by Defendants and located across seven counties in three states, Montana, North Dakota, and South Dakota. Defendants Jeffrey Berger and Tami Berger wholly own Defendants Wibaux and Pro-Frac.  (Doc. # 54 at 1.)  Between 2013 and 2015, Plaintiff Bank of Colorado

(alternatively, "the Bank") financed Defendants' acquisition of this property in three multi-million dollar loans.  These loans have been in default for more than one year.  In this action, the Bank ultimately seeks foreclosure on the collateral.[1]  (Doc. # 26.)

On the basis of the Bank's Second Amended Complaint, (*id*.), and Colorado Rule of Civil Procedure 104, this Court issued the Order to Show Cause and Preserve Personal Property to Defendants on January 9, 2018.  *See* (Doc. # 30.)  The Court set a hearing on its show cause order for January 17, 2018.  (*Id*.)  On January 11, 2018, Defendants filed a Motion to Dismiss Causes for Replevin, Receivership, and Foreclosure and to Dismiss or Stay the Show Cause Hearing.  (Doc. # 40.)  The Court was prepared to address its show cause order and then-pending motions at the hearing on January 17, 2018.

However, on January 16, 2018, the day before the hearing, Defendants notified the Court that Defendants Jeffrey Berger and Tami Berger had filed for relief under Chapter 11 of the Bankruptcy Code in the federal Bankruptcy Court for the District of Montana.  (Doc. # 48.)  In accordance of Section 362 of the Bankruptcy Code,[2] an

---

[1] The case before this Court is complicated by a prior filed pending and related case in the United States District Court for the District of Montana, captioned *Berger, et al., versus Bank of Colorado*, case number CV 17-104-BLG-SPW-TJC (the "Montana Case"), in which the Defendants made claims against the Bank for negligent misrepresentation, breach of fiduciary duty, fraud and undue influence, breach of the duty of good faith and fair dealing, contractive adhesion, and punitive damages.  (Doc. # 28-2.)  Defendants filed a Motion to Transfer Case or Stay Piecemeal Litigation on January 4, 2018.  (Doc. # 28.)

[2] Relevant here, Section 362 of the Bankruptcy Code provides:
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
   (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of

2

automatic stay of all proceedings as to Defendants Jeffrey Berger and Tami Berger

went into effect immediately upon Defendants' filing of bankruptcy. *See* 11 U.S.C.

§ 362(a).

At the scheduled hearing on January 17, 2018, Plaintiff argued that the automatic

stay was only as to Defendants Jeffrey Berger and Tami Berger and did not reach their

LLCs, Wibaux and Pro-Frac. (Doc. ## 48–49.) Plaintiff asserted that the Court could

move forward to address the merits of its claims for replevin and receivership as to

Wibaux. (Doc. # 49.) Defendants disagreed. *See* (Doc. # 50.) After reviewing

conflicting case law on the application of the automatic stay to this type of situation, the

Court determined it was not in a position to move forward on Plaintiff's replevin and

receivership claims until the threshold question regarding whether the automatic stay

extended to the LLCs was resolved. The Court therefore directed the parties to submit

further briefing on the scope of a Section 362 automatic stay by January 24, 2018. (*Id.*)

---

the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

**(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate**;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a) (emphasis added).

Defendants Wibaux and Pro-Frac filed their Motion to Stay the Case on January 22, 2018 (Doc. # 54) and filed a brief in support of the Motion on January 24, 2018 (Doc. # 55).  Plaintiff responded in opposition to the Motion on January 24, 2018.  (Doc. # 56.)

In their Motion to Stay the Case, Defendants Wibaux and Pro-Frac inform the Court that they have filed a motion to extend the automatic stay to Wibaux and Pro-Frac, or, in the alternative, to enjoin further action, in the Bankruptcy Court in Montana. (Doc. # 54 at 2); *see also* (Doc. # 54-1). The Court agrees with Defendants that the determination of the scope of the automatic stay—that is, whether the automatic stay reaches Wibaux and Pro-Frac or applies only to Jeffrey Berger and Tami Berger—is best decided by the Bankruptcy Court.  *See In re Baldwin-United Corp. Litigation*, 765 F.2d 343, 348 (2d Cir. 1985) ("to whatever extent a conflict may arise between the authority of the Bankruptcy Court to administer . . . complex reorganization and the authority of the District Court to administer consolidated pretrial proceedings, the equities favor maintenance of the unfettered authority of the Bankruptcy Court."). Plaintiff's argument that Defendant Wibaux and Pro-Frac is not entitled to an extension of the automatic stay should be addressed to the Bankruptcy Court.  *See* (Doc. # 56 at 5–6.)

Because the Bankruptcy Court is best positioned to determine whether the automatic stay applies to Wibaux and Pro-Frac and because Defendants have already placed this question squarely before the Bankruptcy Court, it is ORDERED that

4

Defendants Wibaux and Pro-Frac's Motion to Stay the Case Pending Ruling by

Bankruptcy Court Re: Scope of Automatic Stay (Doc. # 54) is GRANTED.


        DATED:  January 25, 2018

                                        BY THE COURT:


                                        _____
                                        CHRISTINE M. ARGUELLO
                                        United States District Judge