IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02871-CMA-SKC

BANK OF COLORADO, a Colorado corporation,

     Plaintiff,

v.

WIBAUX 1, LLC, a Montana limited liability company,
JEFFREY W. BERGER, *a/k/a* Jeff Berger,
TAMI M. BERGER *a/k/a* Tami Berger,
PRO-FRAC HEATING & TRUCKING, LLC, a North Dakota limited liability company, and
UNITED STATES OF AMERICA, acting through the Internal Revenue Service,

     Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER OR STAY**

---

This matter is before the Court on Defendants Wibaux 1, LLC, Jeffrey W. Berger, Tami M. Berger, and Pro-Frac Heating and Trucking, LLC's (together, "Borrower Defendants") Motion to Transfer or Stay Piecemeal Litigation (Doc. # 28).  For the reasons described below, the Court grants their Motion to Transfer or Stay Piecemeal Litigation.

## I.    BACKGROUND

This case concerns personal and real property owned by Borrower Defendants and located across seven counties in three states, Montana, North Dakota, and South Dakota.  Defendants Jeffrey Berger and Tami Berger (together, the "Berger

Defendants") wholly own Defendants Wibaux 1, LLC and Pro-Frac Heating and Trucking, LLC (the "LLC Defendants").  (Doc. # 54 at 1.)  Between 2013 and 2015, Plaintiff Bank of Colorado (alternatively, "the Bank") financed Borrower Defendants' acquisition of this property in three multi-million dollar loans.  (*Id.*)  These loans have been in default for more than one year.

## A.   PROCEDURAL HISTORY

The case before this Court is complicated by a prior-filed pending, related case in the United States District Court for the District of Montana (the "Montana Court"), captioned *Berger, et al., versus Bank of Colorado*, case number CV 17-104-BLG-SPW-TJC (the "Montana Case"), in which Borrower Defendants assert claims against the Bank for negligent misrepresentation, breach of fiduciary duty, fraud and undue influence, breach of the duty of good faith and fair dealing, contractive adhesion, and punitive damages.  (Doc. # 28-2.)  Borrower Defendants filed the Montana Case in state court on July 11, 2017 (*id.*); the Bank removed the Montana Case to federal court on August 2, 2017 (Doc. # 28 at 3.)  The Bank then filed a Motion to Transfer Venue to the District of Colorado.  (*Id.*)  The Montana Court denied the Bank's Motion to Transfer Venue on November 27, 2017, concluding that while venue would have been proper in the District of Colorado, factors assessed under 28 U.S.C. § 1404(a) weighed against transfer.  (Doc. # 28-1 at 5–18.)  The Bank next filed a Motion to Dismiss in the Montana Case on December 11, 2017; the Montana Court has not yet ruled on the Motion.

The Bank filed the action presently before this Court on November 30, 2017, (Doc. # 1), approximately three and a half months after Borrower Defendants brought

the Montana Case against the Bank.  In this case, the Bank ultimately seeks foreclosure on the collateral.  (Doc. # 26.)

On January 4, 2018, Borrower Defendants filed the Motion to Transfer Case or Stay Piecemeal Litigation ("Motion to Transfer or Stay") now before the Court.  (Doc. # 28.)  One week earlier, on December 26, 2017, Borrower Defendants had filed in the Montana Case a similar motion, their Motion to Enjoin Piecemeal Colorado Litigation. (Doc. # 28-3.)  The Montana Court denied Borrower Defendants' request to expedite its decision on that Motion in light of the motions pending before this Court:

> Under considerations of comity, the [Montana] Court will defer to the District of Colorado to exercise its discretion whether to transfer, stay, or dismiss the Colorado Action before addressing [the Borrowing Defendants'] Motion to Enjoin Piecemeal Colorado Litigation.  The Court will address the motion in due course, if necessary, following the District of Colorado's resolution of the motions now pending before it.

(Doc. # 78-1 at 3.)  The Montana Court has not yet ruled on Borrower Defendants' Motion to Enjoin Piecemeal Colorado Litigation.

On the basis of the Bank's Second Amended Complaint (Doc. # 26), and Colorado Rule of Civil Procedure 104, this Court issued an Order to Show Cause and Preserve Personal Property to Defendants on January 9, 2018.  *See* (Doc. # 30.)  The Court set a hearing on its show cause order for January 17, 2018.  (*Id.*)  On January 11, 2018, Borrower Defendants filed their Motion to Dismiss Causes for Replevin, Receivership, and Foreclosure or Stay the Show Cause Hearing.  (Doc. # 40.)  The following day, the Court denied in part the Motion to Dismiss to the extent that Borrower Defendants sought to stay the show cause hearing.  (Doc. # 43.)  The Court was

3

prepared to address its show cause order and the pending Motion to Transfer or Stay and Motion to Dismiss at the show cause hearing on January 17, 2018.

However, on January 16, 2018, the day before the hearing, Borrower Defendants notified the Court that the Berger Defendants had filed for relief under Chapter 11 of the Bankruptcy Code in the federal Bankruptcy Court for the District of Montana. (Doc. # 48.) In accordance of Section 362 of the Bankruptcy Code,[1] an automatic stay of all proceedings as to the Berger Defendants went into effect immediately upon the Berger Defendants' filing of bankruptcy, *see* 11 U.S.C. § 362(a), and this automatic stay remains in place. The Bankruptcy Court for the District of Montana subsequently ruled

---

[1] Relevant here, Section 362 of the Bankruptcy Code provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

**(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate**;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a) (emphasis added).

that the automatic stay does not extend to the LLC Defendants (Doc. # 68-5);

accordingly, the action before this Court proceeds against the LLC Defendants.

In April 2018, the Bank moved for partial summary judgment against the LLC

Defendants.  (Doc. # 71.)  The LLC Defendants filed a Motion for Discovery "so as to

fully respond" to the Bank's Motion for Partial Summary Judgment on June 11, 2018.

(Doc. # 86.)  These motions, as well as Borrower Defendants' Motion to Dismiss

Causes for Replevin, Receivership, and Foreclosure (Doc. # 40), are ripe for the Court

to decide.

Finally, in August 2018, the Court twice granted the Bank's and the LLC

Defendant's Stipulated Motion to Stay pending the outcome of a mediation between the

parties.  (Doc. ## 100, 103.)  This stay is no longer in place, as the parties' reported

mediation period ended on August 31, 2018, apparently without bearing fruit.  *See* (Doc.

# 102.)

## II.    <u>MOTION TO TRANSFER OR STAY</u>

The Court addresses Borrower Defendants' Motion to Transfer or Stay, filed

January 4, 2018, to the extent it was filed by the LLC Defendants.[2]  (Doc. # 28.)  The

LLC Defendants request that this Court transfer this action to the Montana Court or,

alternatively, to stay all proceedings in this action "until such a time when the first-filed

Montana action has concluded, and all appellate avenues have been availed or

waived."  (*Id.* at 1.)  The Bank responded in opposition to the Motion to Transfer or Stay

---

[2] Because the automatic stay of proceedings against the Berger Defendants remains in place, *see* (Doc. # 48), the Court denies as moot the Motion to Transfer or Stay to the extent that it was filed by the Berger Defendants.

on January 12, 2018.  (Doc. # 41.)  Borrower Defendants replied on May 18, 2018.

(Doc. # 81.)

**A.     LEGAL PRINCIPLES**

1.     <u>Transfer of Venue</u>

Pursuant to 28 U.S.C. § 1404(a), a district court may "transfer any civil action to

any other district or division where it might have been brought" for the "convenience of

the parties and witnesses [and] in the interest of justice."  Section 1404(a) "is intended

to place discretion in the district court to adjudicate motions to transfer according to an

'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org.,*

*Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S.

612, 622 (1964)).

In the Tenth Circuit, the party seeking to transfer a case bears the burden of

persuading the district court that the existing forum is inconvenient.  *Chrysler Credit*

*Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citing *Texas E.*

*Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th

Cir. 1978)).  In determining whether the party has satisfied this burden, the district court

should consider the following factors, among others:

> the plaintiff's choice of forum; the accessibility of witnesses and other
> sources of proof, including the availability of compulsory process to insure
> attendance of witnesses; the cost of making the necessary proof; questions
> as to the enforceability of a judgment if one is obtained; relative advantages
> and obstacles to a fair trial; difficulties that may arise from congested
> dockets; the possibility of the existence of questions arising in the area of
> conflict of laws; the advantage of having a local court determine questions
> of local law; and, all other considerations of a practical nature that make a
> trial easy, expeditious and economical.

*Id.* (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

2.      A Stay of Proceedings

As to Borrower Defendants' alternative request that the Court stay all proceedings in this matter until the Montana Case has concluded and all appeals have been exhausted or waived, "[a] variety of circumstances may justify a district court stay pending the resolution of a related case in another court."  *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2009).  A stay may be issued "simply as a means of controlling the district court's docket."  *Id.* (citing, *e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).  In some cases, a stay may be warranted by principles of abstention.  *Id.* (citing, *e.g.*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719–21 (1996)).

The proponent of the stay "bears the burden of establishing its need."  *Clinton*, 520 U.S. at 709.  The proponent "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work to damage someone."  *Topsnik v. United States*, 114 Fed. Cl. 1, 3–4 (2013) (quoting *Landis v. N. American Co.*, 299 U.S. 248, 255 (1936)).

"When and how to stay proceedings is within the sound discretion of the trial court;" the court's discretion is "not, however, without bounds."  *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).  A stay "so extensive that it is 'immoderate or indefinite' may be an abuse of discretion."  *Id.* (citing *Landis*, 299 U.S. at 255).

**B.    ANALYSIS**

Borrower Defendants argue that transfer of this action to the Montana Court is warranted for three reasons: (1) the law of the case doctrine and principles of comity support transfer to the Montana Court; (2) the Bank's claims in this action should have been filed as compulsory counterclaims in the Montana Case; and (3) the first-to-file rule supports transfer.  (Doc. # 28.)

At the outset, Borrower Defendants have met their burden to demonstrate that litigation in this Court is inconvenient.  *See Chrysler Credit Corp.*, 928 F.2d at 1515. They assert in both the Montana Case and the case before this Court that they have primarily resided in Montana for the past two years and are involved in the day-to-day management of five Montana ranches (comprising 80,000 acres) at issue in this lawsuit. *See* (Doc. # 28-1 at 9.)  They claim to own a home a home in Billings, Montana, and to have approximately twenty vehicles there.  *See* (*id.* at 10.)  Borrower Defendants also anticipate calling witnesses who reside in Montana.  *See* (*id.* at 12.)  The Court therefore has reason to believe it would be inconvenient for Borrower Defendants to litigate the Bank's claims against them in this Court.  Furthermore, the Court recognizes this case and the Montana Case concern the same facts and the same underlying loan transactions.  *See* (Doc. # 28.)  Having two courts across two states assess the same evidence will, as Borrower Defendants state, "result in unnecessary delay and substantial inconvenience and expense to the parties and witnesses."  (*Id.* at 10.) Borrower Defendants have thus persuaded the Court that this forum, the District of Colorado, is inconvenient.  *See Chrysler Credit Corp.,* 928 F.2d at 1515.

Perhaps more importantly, the comity doctrine supports transfer of this action to the Montana Court.  "Whenever there are similar actions pending in two different federal district courts"—as is the case here—"the federal comity doctrine can apply to prevent the 'wastefulness of time, energy, and money.'"  *Wyo. Lodging & Rest. Ass'n v. U.S. Dep't of Interior*, No. 04-CV-315-B, 2005 WL 8155466, *2 (D. Wyo. Jan. 20, 2005) (quoting *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965)).  According to this doctrine, "the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated."  *Cessna Aircraft Co.*, 348 F.2d at 692.  The comity doctrine is intended "to prevent inconsistent rulings between courts of coordinate jurisdiction and equal power, wasteful duplicative litigation, and piecemeal resolution of disputes that require uniform results."  *Merle Norman Cosmetics v. Martin*, 705 F. Supp. 296, 298 (E.D. La. 1988) (citing *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24, et al.*, 751 F.2d 721, 729 (5th Cir. 1985)).

The comity doctrine is well-suited for the case presently before the Court.  As the Court has already explained, the Montana Court was the first federal district court to obtain jurisdiction over Borrower Defendants and the Bank, and it has priority.  Moreover, the risks of inconsistent rulings and of wasteful expenditure of judicial resources are significant in this case.

The Court therefore exercises its discretion under the Section 1404(a) to transfer this matter to the Montana Court.  *See Stewart Org., Inc.*, 487 U.S. at 29.  The Court

need not reach Borrower Defendants' arguments about various other legal principles, such as the law of the case doctrine and the first-to-file rule.

### III.    CONCLUSION

For the foregoing reasons, the Court ORDERS that Borrower Defendants' Motion to Transfer or Stay (Doc. # 28) is GRANTED to the extent it was filed by the LLC Defendants and DENIED AS MOOT to the extent it was filed by the Berger Defendants. This action, in its entirety, is hereby transferred to the United States District Court for the District of Montana.

DATED: September 21, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge